UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

CASE RE-ASSIGNED

CASE NUMBER  1:05CV01520

Maximo Ibarra, on behalf
of himself and all others
similarly situated,

v

Alberto Gonzalez, individually
and as Attorney General of
the United States,

Harley Lappin, individually
and as Director of
Bureau of Prisons, and

Harrell Watts, individually
and as Inmate Appeal
Administrator of Bureau of
Prisons,
　　　　Defendants.

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 07/31/2005



§
§
§
§
§
§
§
§
§
§
§
§

FILED

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BIVENS CLASS ACTION
Complaint

JURY TRIAL DEMANDED

## COMPLAINT

1. On behalf of himself and all others similarly situated, plaintiff Ibarra states, the following for his complaint against defendants.

2. This is a class action brought by plaintiff Ibarra on behalf two classes of persons who are now or will in the future be confined in the Bureau of Prisons. Plaintiff seeks declaratory relief that the conditions of his confinement at the Beaumont FCI-low of Bureau of Prisons constitutes discrimination and cruel and unusual punishment in violation of the Fifth and Eight Amendment to the United States Constitution; That those conditions denied plaintiff access to court and deprived him of his rights without due process of law in violation of Fifth Amendment to

RECEIVED

JUL 2 5 2005

NANCY MAYER WHITTINGTON, CLERK

the United States Constitution.

3. The plaintiff for himself and on behalf of all class members, further seek monetary relief to compensate them for the various periods of time which they have been forced by defendants willful conduct to live in depraved conditions of confinement.

## JURISDICTION AND VENUE

4. Jurisdiction for this cause exists pursuant to:

A. Bivens v Six unknown named Agents of Federal Bureau of Narcotics, 403 US 388 (1971);

B. 28 USC §1331(a), General Federal Jurisdiction;

C. 28 USC §§2201 and 2202;

D. Counts 1-31 are derived from common nuclei of operative facts involving substantially identical issues of fact and law. The entire action constitutes a single cause of action which can and should be tried in one judicial proceeding. In the interest of judicial economy, convenience – and fairness, and in order to avoid unnecessary duplication and multiplicity of actions, this Court's jurisdiction over this Cause of Action which counts are based upon District of Columbia law, is pendent to the Court's jurisdiction.

5. Venue in the District of Columbia is proper under 28 USC §1391(b), each of the defendants resides in the District of Columbia.

## PARTIES

6. At the time of the filing of this complaint, plaintiff Ibarra was an inmate at Beaumont FCI-Low of the Bureau of Prisons located

at P.O. Box 26020, Beaumont, Texas 77720-6020.

7. Defendant Alberto Gonzalez is the United States Attorney General. He has the responsibility for the enforcement of Bureau of Prisons policies. His business address is 950 Pennsylvania Ave., N.W., Washington, D.C. 20530.

8. Defendant Harley Lappin is the Director of Bureau of Prisons. He has the responsibility to ensure the care of the plaintiff and each class member; to ensure equal enforecment of the laws of the United States and to ensure that the Bureau of Prisons Policies are Constitutionally adequate.

9. Defendant Harrell Watts is the National Inmate Appeal Administrator, whose job is to ensure that the Bureau of Prisons complies with the United States Constitution and the Bureau of Prisons practices and policies are fairly implemented to those inmates who utilize the grievance process.

## CLASS ACTION ALLEGATIONS

10. This is a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

Plaintiff Ibarra brings this action not only on behalf of himself, but as representative of one general class and one subclass of that class. The general class is the class of all persons who are now or may in the future be confined in the Bureau of Prisons. This class will be hereinafter referred to as "The BOP Class".

The first subclass is the class of all persons who are now or may in the future be confined in Beaumont FCI-Low federal

3

prison.   This  class  will  hereinafter  be  referred  to  as  "The
Beaumont FCI-Low Class".

11.  Plaintiff  Ibarra  is  a  member  of  both  "The  BOP  Class"  and
the "Beaumont FCI-Low Class".

12.  Plaintiff's  claims  involve  common  questions  of  law  and  fact
with  regard  to  and  are  typical  of  the  claims  of  the  classes  the
plaintiff seeks to present.

13.  The  various  classes  are  so  numerous,  given  that  each  class
includes  all  future  members  and  that  each  class  is  subject  to
rapid turnover, that joinder of all members is impractical.

14.  Because  the  defendants  have  confined  each  member  of  each
class  in  conditions  uniform  to  the  conditions  of  confinement  of
other  members  of  the  same  class,  the  defendants  have  acted  and
refused  to  act  on  grounds  generally  applicable  to  the  classes
as  a  whole,  thereby  making  appropriate  final  injunctive  and
declaratory relief with respect to each class.

15.  The  monetary  relief  which  plaintiff  and  the  plaintiff  classes
seek  is  based  solely  on  and  defendants'  liability  for  those  damages
arises  solely  out  of  the  conditions  of  confinement.   Because  the
conditions  of  confinement  are  uniform  as  to  each  class,  no  new
material  issues  of  fact  are  introduced  by  these  damage  claims,
and  certification  of  the  classes  for  all  terms  of  relief  is
appropriate under Rule 23(b)(2).

                    **FACTUAL ALLEGATIONS**

16.  Plaintiff  is  a  Columbian  by  birth  who  was  arrested  by  the
United States authorities while in International waters.

17. Plaintiff was convicted and sent to federal prison at Beaumont

4

FCI-Low, Beaumont, Texas.

18. Plaintiff went to Law Library at Beaumont FCI-Low (hereinafter referred to as "BML") to research his constitutional issues. Plaintiff found that the Law Library does not contain the necessary International law books to which he could file a habeas corpus petition.

19. On February 10, 2004 plaintiff Ibarra file a BP-8 grievance based on the deficient law library issue and was denied relief.

20. On February 25, 2004 plaintiff filed a BP-9 grievance which was denied on March 25, 2004.

21. On April 6, 2004 plaintiff Ibarra filed a BP-10 grievance to BOP-regional office which was denied May 11, 2004 because plaintiff did "not provide[d] any evidence which demonstrates you were deprived of access to the courts."

22. On May 24, 2004 plaintiff Ibarra filed a BP-11 grievance to BOP Washington D.C. central office which was denied on August 28, 2004 because plaintiff did not provide "any evidence to demonstrate you have been denied access to the courts.".

23. On November 14, 2004 plaintiff mailed a letter to the defendant Harley Lappin Director of the Bureau of Prisons addressing the BOP's lack on International Law books.

24. On May 6, 2005 plaintiff Ibarra mailed a letter to defendant Alberto Gonzales - Attorney General requesting help in obtain international law books to aid in his filing a habeas corpus petition.

25. As a result of the arbitrary and summarial denial by defendants, the plaintiffs suffer and continues to suffer

5

irreparable harm.

26. The transfer of "The BOP Class" to prisons without adequate International law books is a device commonly used by defendants to chill inmates exercise of constitutional rights.

27. The plaintiff has adequately exhausted all of his remedies. (Attached herein as Exhibit "A").

CAUSE OF ACTION

28. Paragraphs 1-27 are herein incorporated.

29. Plaintiff and all members of each of the classes the plaintiff represents are entitled to the equal protection of the laws under the Fifth Amendment to the United States Constitution and due process of law under the Fifth Amendment to the United States Constitution.

30. Defendant Gonzales, as Attorney General of the United States, acting under color of federal laws, discriminated against plaintiff and all members of each of the classes the plaintiff represents by denying them access to International law books and this deprived plaintiff's of their rights to equal protection of the law.

31. Defendant Harley Lappin, as Director of Bureau of Prisons, acting under color of federal law, discriminated against plaintiff and all members of each of the classes the plaintiff represents by denying them access to International law books and this deprived plaintiff's of their right to equal protection of the law.

32. Defendant H. Watts, as Inmate Appeal Administrator of the BOP, discriminates against plaintiff and all members of each of the classes the plaintiff represents by denying them access to

6

the International law books and they deprived plaintiffs' of their right to equal protection of law.

## CAUSE OF ACTION

33. Paragraphs 1-32 are herein incorporated.

34. The conditions of confinement of all members of each of the classes the plaintiff represents constitutes a denial of access to court with actual prejudice, in violation of the First Amendment to the United States Constitution.

## CAUSE OF ACTION

35. Paragraphs 1-34 are herein incorporated.

36. The arbitrary, capricious and summary manner in which said actions are accomplished does not provide procedural safeguards constitutionally required to protect the substantial interests of the plaintiffs and is violative of the First, Fifth, Sixth and Eighth Amendment to the United States Constitution.

## CAUSE OF ACTION

37. Paragraphs 1-36 are herein incorporated.

38. The conditions of confinement of all members of each of the classes the plaintiff represents constitutes cruel and unusual punishment and a denial of each class member's due process rights, in violation of their rights under the Fifth and Eighth Amendment to the United States Constitution.

## REQUEST FOR PRELIMINARY RELIEF

39. Paragraphs 1-38 are herein incorporated.

40. Plaintiff on behalf of himself and the classes request that this Court preliminary enjoin the defendants from denying them access to International law books which constitute discrimination; denial of access to courts and cruel and unusual punishment in violation of the plaintiff's rights as guaranteed by the United States Constitution. Specifically, plaintiff's request that this Court enjoin defendants, pending a trial, from denying plaintiff's access to:

a. International Laws of Criminal Procedures of the Geneva Convention.

b. Criminal Procedure of Immigrational Laws due to Geneva Convention.

c. International Narcotic Control, and its amendments:

   ° 1989 Amendment. Subsec.(a)(1). Pub.L.101-231, §17(a)(c). Pub.L.101-231, §15

   ˅ 1988 Amendment. Subsec.(a)(1)(B)-(E).Pub.L.§100-690,§4502

   ° 1988 Amendment. Subsec.(h)(1) to (6)(A) Pub.L.§4407(a)

d. Definition of terms used in International Narcotics Act of 1988 §4003 of Pub.L.100-690.

e. Military and Law Enforcement Assistance for Bolivia, Peru, and Columbia Section 3 of Pub.L.100-231.

f. The Legitimacy in International Law of Detention and Internment of Aliens in the Interest of National Security.

g. Multilateral Treaties Relevant to the United Nations Convention on Law of the Sea.

8

h. Report of the International Narcotic Control Board.

i. American International Law Cases 3rd ed.  1993.

j. Jurisdiction Over Ships At Sea.

k. International Law, National Tribunal and the Rights of the Aliens.

l. Material on International Human Rights and U.S. Criminal Law Procedure.

m. International Vienna Convention.

n. Definition of terms Used in International Vienna Convention.

o. International Tribunal for the Law of the Sea:  Basic test: Statute of the Tribunal, Rules of the Tribunal, and Documents.

41.  The plaintiffs' request such other preliminary relief as this Court deems just and proper.


## REQUEST FOR PERMANENT RELIEF

42.  Paragraphs 1-41 are herein incorporated.

43. The plainitffs' pray for the following permanent injunction and declaratory relief:

(A) That this Court determine, pursuant to Rule 23, FRCvP, that this action is a proper class action and that palintiff Ibarra is a proper class representative.

(B) That the court enter a declaratory judgment pursuant to 28 USC §2201 and Rule 57 of FRCVP; declaring that the totality of the circumstances of confinement, practices and policies of defendant Gonzales and defendant Lappin as a whole violated the rights of the plaintiff and of the members of each of the classes they represent to access to court, to be free

9

from discrimination, to due process of law and to their right to be free from cruel and unusual punishment as such rights are guaranteed by the First, Fifth and Eighth Amendments to the United States Constitution.

(C) That the court enter a permanent injunction enjoining defendants from denying plaintiff and all members of each of the classes access to the following International law books:

a. International Laws of Criminal Procedures of the Geneva Convention.

b. Criminal Procedure of Immigrational Laws due to Geneva Convention.

c. International Narcotic Control, and its amendments:

   ° 1989 Amendment. Subsec.(a)(1). Pub.L.101-231, §17(a)(c). Pub.L.101-231, §15

   ° 1988 Amendment. Subsec.(a)(1)(B)-(E). Pub.L. §100-690,§4502

   ° 1988 Amendment. Subsec.(h)(1) to (6)(A) Pub.L.§4407(a)

d. Definition of terms used in International Narcotics Act of 1988 §4003 of Pub.L.100-690.

e. Military and Law Enforcement Assistance for Bolivia, Peru, and Colombia Section 3 of Pub.L.100-231.

f. The Legitimacy in International Law of Detention and Internment of Aliens in the Interest of National Security.

g. Multilateral Treaties Relevant to the United Nations Convention on Law of the Sea.

h. Report of the International Narcotic Control Board.

i. American International Law Cases 3rd ed.  1993.

j. Jurisdiction Over Ships At Sea.

k. International Law, National Tribunal and the Rights of the Aliens.

l. Material on International Human Rights and U.S. Criminal Law Procedure.

m. International Vienna Convention.

n. Definition of terms Used in International Vienna Convention.

o. International Tribunal for the Law of the Sea:  Basic test:  Statute of the Tribunal, Rules of the Tribunal, and Documents.

(D) That this court order the defendants to pay the costs, expense and attorney fees of the plaintiff's for this action.

(E) That the court order the defendants to pay to each member of the plaintiff classes such monetary relief as it deems just and proper for the number of days each class member has been confined under unconstitutional conditions of confinement, in view of the defendant's willful course of conduct entered into and carried out with complete disregard of each class member's constitutional rights; and

(F) Trial by jury demanded;

(G) That the Court enter such other and further relief as it deems just and proper.

Date: 7/21/05                    Respectfully submitted,

                                 _Ibarra, Maximo JL_

                                 Maximo Ibarra
                                 Reg. No.45559-004
                                 P.O. Box 26020
                                 Beaumont, TX 77720-6020

Administrative Remedy No. 326972-A2
Part B - Response

You appeal the Warden's response to your Request for
Administrative Remedy.  You maintain that you have been denied
reasonable access to the courts because you have been denied the
necessary legal materials to appeal your conviction.  As relief,
you seek unspecified monetary damages from all staff "who fail to
correct the unconstitutional violations."

The Bureau of Prisons affords an inmate reasonable access to
legal materials and counsel, and reasonable opportunity to
prepare legal documents.  An inmate may solicit or purchase legal
materials from outside the institution.  An inmate may also
contact and retain independent counsel to assist with legal
matters or contact the court.  Finally, the Warden must ensure
that list of legal resources (including attorneys acting pro
bono) is made available.  The regulations identifying the legal
research materials which are required to be maintained in the
inmate law library are outlined in Bureau of Prisons' Program
Statement 1315.07, <u>Inmate Legal Activities</u>.

Our reveal reviews the Warden and the Regional Director have
adequately addressed the issue you raise on appeal.  Policy does
not require the institution to maintain the materials you
specifically seek.  You do not provide, nor do we find, any
evidence to demonstrate you have been denied access to the
courts.

As to your request for unspecified damages, the Administrative
Remedy Program ordinarily cannot provide monetary relief.  Your
request for monetary compensation should be pursued through the
appropriate statutorily mandated procedure to resolve this issue.

Based on the above, your appeal is denied.

_August 30, 2004_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

05 1520

FILED

JUL 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: Ibarra Maximo H. | 45559-004 | S-A | FCC6-Beaumont |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I appeal the denial of my BP-10 as being nonresponsive to my issues
I have a constitutional right to petition the gobernment for redress
grievances by reasonable access to the courts, Johnson v. Avery,393
US 483 (1969). I have a fundamental right to adequate,effective and
meaningful access to court to challenge violations of my constitutional
rights, Ex Parte Hell,312 US 546 (1941). To effectuate this right,
prison authorities are required to assist inmates in the preparation
and filing of meaningful legal papers by providing prisoners with adequa-
te law libraries,Bounds v. Smith,430 US 817,828 (1977). My rights are
violated because Beaumont Low does not provide me with the necessary
legal materials so that I can attack my conviction with properly research
ed international and maritime law. BOP is in violation of constitution,
Sill v. Bureau of Prison,761 F2d 792 (1985).
   Relief Requested:

_5-24-04_
DATE

_Ibarra, Maximo H._
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

JUL 7 2004

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 326972-A2

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)

USP LVN

A  1. International Laws of Criminal Procedures of the Geneva convention.

b  2. Criminal Procedure of Immigrational Laws due to Geneva Convention.

c  3. International Narcotic Control, and its amendments:
   - 1989  Amendment.  Subsec.(a)(1).Pub.L.101-231,§17(a)(c).Pub.L,101-231,§15
   - 1988  Amendment.  Subsec.(a)(1)(B)-(E).Pub.L.§100-690,§4502
   - 1988  Amendment.  Subsec.(h)(1) to (6)(A) Pub.L.§4407(a)

d  4. Definition of Terms Used in International Narcotics Act of 1988 Section 4003 of Pub.L.100-690.

e  5. Military and Law Enforcement Assistance for Bolivia, Peru, and Colombia Section 3 of Pub.L.101-231.

f  6. The Legitimacy in International Law of Detention and Internment of Aliens in the Interest of National Security.

g  7. Multilateral Treaties Relevant to the United Nations Convention on the Law of the Sea.

h  8. Report of the International Narcotic Control Board.

i  9. American International Law Cases 3rd ed. 1993.

j  10. Jurisdiction Over Ships At Sea.

k  11. International Law, National Tribunal and the Rights of the Aliens.

l  12. Material on International Human Rights and US Criminal Law Procedure.

m  13. International Vienna Convention.

n  14. Definition of Terms Used in International Vienna Convention.

o  15. International Tribunal for the Law of the Sea:Basic Test:Statute of the Tribunal, Rules of the Tribunal, & Other Documents.


I also request damages from each person who fails to correct these unconstitutional violations.


5/24/04
Date

_Ibarra, Maximo H._
Ibarra Maximo H.

IBARRA, Maximo                REG. NO. 45559-004    RECEIPTED: 04/12/04

326972-R1                     PART B - RESPONSE

You are appealing the Warden's response to your complaint
alleging you are being denied access to the courts, because the
law library lacks specific law library materials pertinent to
your case.  You request the Bureau of Prisons provide you with
these materials, so you may maintain access with the courts.

We have reviewed your complaint and the Warden's response.
Based on our review of this matter, the response you received
from the institution is appropriate.  Program Statement 1315.07,
Legal Activities, Inmate, does not require institutions to
maintain these materials.  As of January 2004, the institution's
law library inventory did not reflect any items missing and
documented the correct placement of materials authorized to date.
This program statement also outlines your right to seek an
independent counsel to assist you with your legal matters or you
can contact the court for assistance.  You have not provided any
evidence which demonstrates you were deprived of access to the
courts.

Your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, NW, Washington, D.C. 20534.  Your appeal must
be received in that office within 30 days from the date of this
response.

_____5-11-04_____                    _____
Date                                 Ronald G. Thompson
                                     Regional Director

SENSITIVE - LIMITED OFFICIAL USE

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*Edw*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: Ibarra Maximo H. | 45559-004 | S-A | FCCL-Beaumont |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I appeal my BP-9 response as being nonresponsive to my requests. The warden alludes to the fact that I may purchases legal materials from outside the institution. This is inapposite of what I requested. I am indigent and the law library at Beaumont FCI-Low does not have the necesary books with which I can file my habeas petition. I need the books I listed in my BP-9 complaint because I was arrested in international waters , under the holdings of Sills v.Bureau of Prison 761 F 2d 792 (DCC 1985). I am entitled to the books under the Equal Protection, and Due Process Clause os the Fifth Amendment and under the First Amendment Access to Court. This inadequate Law library has caused me actual injuries and prejudied my case.

Relief requested: (see page attach)

| 4-06-04 | Ibarra, Maximo H. |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                                    CASE NUMBER 326802 - R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|
| SUBJECT: | | | | |

USP LVN    DATE                                                                    BP-230(13)

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**LOW SECURITY INSTITUTION PART B - RESPONSE TO REQUEST FOR**
**ADMINISTRATIVE REMEDY #326972-F2**

This is in response to your Request for Administrative Remedy dated February 25, 2004, in which you state you are a Colombian by birth, have never been on American soil, and were arrested in international waters. You further state your situation is under the jurisdiction of international Law, Treaties, and Agreements. As relief you request access to a library containing international law books as specifically listed on your attachment to this remedy.

An investigation of your request reveals your initial Inmate Request to Staff Member, dated January 22, 2004, was approved in accordance with Program Statement 1315.07, Legal Activities, Inmate, Section 10d, (1) an inmate may solicit or purchase legal materials from outside the institution. The inmate may receive materials in accordance with the provisions on incoming publications or correspondence (see CFR, part 540, sub-parts B and F) or through an authorized attorney visit from a retained attorney.

Based on the above findings your Request for Administrative Remedy is approved.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, South Central Region, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Regional Office within 20 days of the date of this response.

R. Childress, Warden

3/25/04
Date

U.S. DEPARTMENT OF JUSTICE                                REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Ibarra Maximo H.__          __45559-004__       __S-A__       __FCCL Beaumont__
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST**

   I am respectfully requesting for you to consider acquisition of
International Law books to be available in our Law library here at FCC
Beaumont Low.
   I am a Colombian by birth and had the peculiar and unfortunate situation
resulting in me being arrested in International waters. I had never been
on American soil. These situations are under the jurisdiction of
International Law, Treaties, and Agreements. In order to properly defend
myself and represent myself in legal motions pertaining to this jurisdic-
tion, I need access to a library containing such material.
   Please, I beg your support in allowing me access to what is needed to
properly defend myself.
   These International materials could be the follows: (see page attach)

   Nota: I submitted my BP-8 (2-10-04) and the time has expired.

__2-25-04__                                    _Ibarra, Maximo Herrera_
DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

---

_____                          _____
DATE                                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                        CASE NUMBER: _____
**Part C- RECEIPT**
Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____                          _____
DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                      BP-229(13)

1. International Laws of Criminal Procedures of the Geneva Convention.

2. Criminal Procedure of Immigrational Laws due to Geneva Convention.

3. International Narcotic Control, and its ammendments:
   - 1989 Ammendment.    Subsec.(a)(1).Pub.L.101-231,§17(a)(c).Pub.L.101-231,§15
   - 1988 Ammenmend    Subsec.(a)(1)(B)-(E).Pub.L.§100-690,§4502
   - 1988 Amendment.    Subsec.(h)(1) to (6)(A) Pub.L.§4407(a)

4. Definition of Terms Used in International Narcotics Act of 1988 Section 4003 of Pub.L.100-690

5. Military and Law Enforcement Assistance for Bolivia, Colombia, and Peru Section 3 of Pub.L.101-231

6. The Legitimacy in International Law of Detention and Internment of Aliens in the Interest of National Securrty.

7. Multilateral Treaties Relevant to the United Nations Convention on the Law of the Sea.

8. Report of the International Narcotic Control Board.

9. American International Law Cases 3rd ed. 1993.

10. Jurisdiction Over Ships At Sea.

11. International Law, National Tribunals and the Rights of the Aliens.

12. Material on International Human Rights and US Criminal Law Procedure.

13. International Geneva Convention.

2-25-04

*Ibarra, Maximo*

Ibarra Maximo Herrera

BMC 1330.13
[date]
Attachment, A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (Dec. 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmates Name: Maximo Herrera Ibarra _____ Reg. No. 45559-004 _____ Unit, ____

Specific Complaint and Requested Relief: I request legal material for "International Laws". I am a Colombian National by birth. I was arrested in international water's which the International Law Has jurisdiction.

I have no International Laws books here at F.C.C.Beaumont-Low to which is not listed under P.S. 1315.07. This issue results to a denial of access to court's and under Bounds-v-Smith; 97 S.Ct.1491,52 L.Ed.2d. 72

I sent a request about this issue to Ms. Nichols (Educ.Supervisor) on November 13,2001. Another request was made and sent to Mr.R.Childress (Warden FCCL.) with date 01-22-04.

*Ibarra, Maxima 2-10-04*

---

## Efforts Made By Inmate To Informally Resolve Grievance(Be Specific)

Please, see copies attach.

Counselor's Comments:

Correctional Counselor's Review/Date          Unit Manager's Review / Date

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr. R. Childress (Warden) | DATE: 01/22/04 |
|---|---|
| FROM: Maximo H. Ibarra | REGISTER NO.: 45559-004 |
| WORK ASSIGNMENT: R & D Orderly | UNIT: S-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I AM REQUESTING LEGAL MATERIAL FOR INTERNATIONAL LAWS

I am a foreign inmate and i would like to appeal under International

Conventions & Treaties.

I have no International law books here at F.C.C. Beaumont-low to which

ia not listed under P.S.1315.07. This issue result to a denial of

access to court's and under Bounds-vs-Smith; 97 s.ct.1491,52 L.Ed.2d

72.

With due respect do not wish to have retaliatory issue's- for this

is not a vehicle of demand but one to have something added to our

law library.

The books i need to access at court are the follows:

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

1. International Laws of Criminal Procedures of the Geneva Convention.

2. Criminal Procedure of immigrational Laws due to Geneva Convention.

3. International Narcotic Control, and its amendments:
 * 1989 Amendment. Subsec.(a)(1). Pub.L.101-231,§17(a)(c). Pub.L. 101-231,§15
 * 1988 Amendment. Subsec.(a)(1)(B)-(E). Pub.L. 100-690,§4502
 * 1988 Amendment. Subsec.(h)(1) to (6)(A) Pub.L. §4407(a)

4. Definition of Terms Used in International narcotics Act of 1988 Section
    4003 of Pub.L. 100-690

5. Military and Law Enforcement Assistance for Bolivia, Colombia, and Peru
    Section 3 of Pub.L. 101-231

6. International Law, National Tribunal and the Rights of Aliens

7. Multilateral Treaties Relevant to United Nations Convention on the Law
    of the Sea

8. Extradition in International Law & Practice

9. Extradition Laws & Treaties

BR-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member)  Ms. Nichols  Educ. Supervisor | DATE:  11-13-01 |
|---|---|
| FROM:  Maximo Herrera Ibarra | REGISTER NO.:  45559-004 |
| WORK ASSIGNMENT:  Education Department. | UNIT:  XB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I request legal materials for "International Law's". I am a "Colombian National" by birth. I was arrested in international water's which the International law has jurisdiction.

I have no International law book free at F.CC. Beaumont-Low, to which is not listed under P.S. 135.07. This issue results to a denial of access to court's and under Bounds-v- Smith; 97 S.Ct. 1491, 52 L.Ed.2d 72. Now with due respect do not wish to have Retaliatory issue's - for this is not a vehicle of demand but one to have something added to our Law Library.

_____

_____

(Do not write below this line)

DISPOSITION:  Per program Statement 1315.07 inmates a have access only to law materials listed in the program statement and the Inventory list.

| Signature Staff Member  [signature] | Date  11-15-01 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

[logo] Printed on Recycled Paper



## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 1571 |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 8/8/2001 |
| Local Account Activation Date: | 7/1/1991 |
| Sort Codes: | |
| Last Account Update: | 7/6/2005 9:48:53 PM |
| Account Status: | Active |
| ITS Balance: | $7.03 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $150.07 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $150.07 |
| National 6 Months Deposits: | $253.32 |
| National 6 Months Withdrawals: | $195.65 |
| National 6 Months Avg Daily Balance: | $12.45 |
| Local Max. Balance - Prev. 30 Days: | $172.07 |
| Average Balance - Prev. 30 Days: | $30.15 |

# Commissary History

## Purchases

Validation Period Purchases: $0.00
YTD Purchases: $75.20
Last Sales Date: 2/1/2005 7:39:02 AM

## SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

## Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $0.00
Remaining Spending Limit: $290.00

# Commissary Restrictions

## Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

## Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|---|---|---|---|---|---|

# Comments

Comments: