# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAXIMO IBARRA, on behalf of himself and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1520 (JR)** |
| ) | |
| **ALBERTO GONZALES, individually, and as Attorney General of the United States,** ) | |
| ) | |
| **HARLEY LAPPIN, individually, and as Director of the Bureau of Prisons,** ) | |
| ) | |
| **HARRELL WATTS, individually, and as Inmate Appeal Administrator of the Bureau of Prisons,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(2),(3) & (5), the individual defendants sued in

their personal capacity move to dismiss for improper service, improper venue, and lack

of personal jurisdiction.  In addition, pursuant to Fed. R. Civ. P. 12(b)(1) & (6),

defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction

and failure to state a claim upon which relief can be granted.  In the alternative,

defendants move for summary judgment pursuant to Fed. R. Civ. Pro. 56(c), as there is

no genuine issue of material fact in this case, and defendants are entitled to judgment as a

matter of law.  In support of this motion, the Court is respectfully referred to the

accompanying Statement of Undisputed Material Facts and Memorandum of Points and

Authorities.  A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the documents

in support of this motion will be accepted by the Court as true unless plaintiff submits his

own affidavit or other documentary evidence contradicting the assertions in the

documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Rule 7(h);

and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge,
> shall set forth such facts as would be admissible in evidence, and shall
> show affirmatively that the affiant is competent to testify to the matters
> stated therein.  Sworn or certified copies of all papers or parts thereof
> referred to in an affidavit shall be attached thereto or served therewith.
> The court may permit affidavits to be supplemented or opposed by
> depositions, answers to interrogatories, or further affidavits.  When a
> motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's response, by affidavits
> or as otherwise provided in this rule, must set forth specific facts showing
> that there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment, if appropriate, shall be entered against the
> adverse party.

Fed. R. Civ. P. 56(e).

Dated: June 5, 2006                              Respectfully submitted,


                                                 /s/_____
                                                 KENNETH L. WAINSTEIN
                                                 D.C. Bar # 451058
                                                 United States Attorney


                                                  /s/_____
                                                 RUDOLPH CONTRERAS
                                                 D.C. Bar # 434122
                                                 Assistant United States Attorney

_/s/_____

HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
_____

| | |
|---|---|
| **MAXIMO IBARRA, on behalf of** ) | |
| **himself and all others similarly** ) | |
| **situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1520 (JR)** |
| ) | |
| **ALBERTO GONZALES, individually,** ) | |
| **and as Attorney General of the** ) | |
| **United States,** ) | |
| ) | |
| **HARLEY LAPPIN, individually,** ) | |
| **and as Director of the Bureau of** ) | |
| **Prisons,** ) | |
| ) | |
| **HARRELL WATTS, individually,** ) | |
| **and as Inmate Appeal Administrator of** ) | |
| **the Bureau of Prisons,** ) | |
| ) | |
| **Defendants.** ) | |

_____)

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff was convicted of the crime of Conspiracy to Possess and Possession with Intent to Distribute Marijuana while Onboard a Vessel, in violation of 46 U.S.C. § 1903 and 18 U.S.C. § 2. See Inmate Data Form at 3, attached hereto as Exhibit 1.

2. On September 11, 1992, plaintiff was sentenced by the United States District Court for the Southern District of Florida to a prison term of 235 months. Id.

3. At the time of filing of the instant lawsuit – July 29, 2005 – plaintiff was incarcerated at the Beaumont Federal Correctional Institution in Beaumont, Texas. Complaint ¶ 2; Exhibit 1 at 1.

4.  Plaintiff is currently incarcerated at McRae Correctional Facility, a Bureau of Prisons ("BOP") contract facility in McRae, Georgia.  Exhibit 1 at 1.

5.  Plaintiff's projected release date is February 2, 2009.  Id. at 3.

6.  In 2004, plaintiff filed a series of grievances with the Bureau of Prisons alleging that the prison library at the Beaumont Facility was deficient.  Complaint ¶¶ 19-24 and Exhibit A attached thereto.

7.  On July 29, 2005, plaintiff filed the instant lawsuit against U.S. Attorney General Alberto Gonzales, Director of the Bureau of Prisons Harley Lappin, and Inmate Appeal Administrator of the Bureau of Prisons Harrell Watts.  See generally Complaint.  Plaintiff has sued these three defendants in both their individual, and official, capacities.  Id.

8.  Plaintiff failed to personally serve the three defendants.  See Process Receipts and Returns, attached hereto as Exhibit 2.

9.  Plaintiff failed to specify the home addresses of the defendants.  See generally Complaint.

10.  Plaintiff has no actual injury stemming from the alleged denial of access to "International law books."  Id.

11.  The BOP's library facilities at Beaumont and McRae fully comply with BOP regulations.  See Inmate Legal Activities, Bureau of Prisons Program Statement 1315.07 (listing the main law library materials offered at BOP institutions, including FCI Beaumont), attached hereto as Exhibit 3; CCA McRae Law Library Inventory Listing (showing materials offered at McRae Correctional Facility, the BOP contract facility where plaintiff is currently incarcerated), attached hereto as Exhibit 4.

Dated: June 5, 2006                    Respectfully submitted,

                                    /s/
                                    KENNETH L. WAINSTEIN
                                    D.C. Bar # 451058
                                    United States Attorney

                                   /s/
                                    RUDOLPH CONTRERAS
                                    D.C. Bar # 434122
                                    Assistant United States Attorney


                                   /s/
                                    HEATHER R. PHILLIPS
                                    C.A. Bar # 19620
                                    Assistant United States Attorney
                                    Civil Division
                                    555 4th Street, N.W., Rm E4212
                                    Washington, DC 20530
                                    (202) 514-7139

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **MAXIMO IBARRA, on behalf of** | ) |
| **himself and all others similarly** | ) |
| **situated,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | )    **Civil Action No. 05-1520 (JR)** |
| | ) |
| **ALBERTO GONZALES, individually,** | ) |
| **and as Attorney General of the** | ) |
| **United States,** | ) |
| | ) |
| **HARLEY LAPPIN, individually,** | ) |
| **and as Director of the Bureau of** | ) |
| **Prisons,** | ) |
| | ) |
| **HARRELL WATTS, individually,** | ) |
| **and as Inmate Appeal Administrator of** | ) |
| **the Bureau of Prisons,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN
THE ALTERNATIVE FOR SUMMARY JUDGMENT**

*Pro se* plaintiff Maximo Ibarra has brought this suit against defendants U.S. Attorney

General Alberto Gonzales, Director of the Bureau of Prisons Harley Lappin, and Inmate Appeal

Administrator of the Bureau of Prisons Harrell Watts, both in their personal and in their official

capacities.  Plaintiff alleges that he and others similarly situated have been "denied [] access to

court" because defendants have failed to provide him with certain "International law books."

Complaint ¶¶ 2, 34, 40.  Plaintiff claims that this denial constitutes "discrimination and cruel and

unusual punishment in violation of the Fifth and Eighth Amendments to the United States

Constitution," violates the First Amendment, and has "deprived him of his rights without due

process of law in violation of the Fifth Amendment to the United States Constitution."  Id.

1

Plaintiff seeks class action certification, declaratory judgment respecting the unconstitutional nature of defendants' actions, "a permanent injunction enjoining defendants from denying plaintiff . . . access to . . . International law books," and "such monetary relief as [the Court] deems just and proper."  Id. at ¶ 43.

As an initial matter, the claims against defendants in their individual capacities must be dismissed for improper service of process, improper venue, and because the Court, in any event, lacks personal jurisdiction over these defendants.  Plaintiff's Complaint against the defendants must likewise be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Alternatively, defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 because there is no genuine issue as to any material fact respecting plaintiff's claim, and defendants are therefore entitled to judgment as a matter of law.

I.    **BACKGROUND**

Plaintiff was convicted of the crime of Conspiracy to Possess and Possession with Intent to Distribute Marijuana while Onboard a Vessel, in violation of 46 U.S.C. § 1903 and 18 U.S.C. § 2.  See Inmate Data Form at 3, attached hereto as Exhibit 1.  On September 11, 1992, plaintiff was sentenced by the United States District Court for the Southern District of Florida to a prison term of 235 months.  Id.  At the time of filing of the instant lawsuit – July 29, 2005 – plaintiff was incarcerated at the Beaumont Federal Correctional Institution in Beaumont, Texas. Complaint ¶ 2; Exhibit 1 at 1.  Plaintiff is currently incarcerated at McRae Correctional Facility, a Bureau of Prisons ("BOP") contract facility in McRae, Georgia.  Exhibit 1 at 1.  His projected release date is February 2, 2009.  Id. at 3.

In 2004, plaintiff filed a series of grievances with the Bureau of Prisons alleging that the prison library at the Beaumont Facility was deficient.  Complaint ¶¶ 19-24 and Exhibit A

attached thereto.  Specifically, Plaintiff claimed that "Beaumont Low does not provide me with the necessary legal materials so that I can attack my conviction with properly researched international and maritime law."  <u>Id.</u> at Exhibit A.  Plaintiff's grievances were denied because not only did the BOP provide reasonable access to legal resources, namely, all materials outlined in Bureau of Prisons' Program Statement 1315.07, but plaintiff did not provide "any evidence to demonstrate that [he had] been denied access to the courts."  <u>Id.</u>  Plaintiff has therefore exhausted his administrative remedies as required by the Prison Litigation Reform Act.

On July 29, 2005, plaintiff filed the instant lawsuit against U.S. Attorney General Alberto Gonzales, Director of the Bureau of Prisons Harley Lappin, and Inmate Appeal Administrator of the Bureau of Prisons Harrell Watts.  Plaintiff has sued these three defendants in both their individual, and official, capacities.

## II.    <u>STANDARD OF REVIEW</u>

"If the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint under Rule 12(b)(4) and/or (5).  Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service."  <u>Hilska v. Jones</u>, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing <u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir.1987)).  With respect to a motion to dismiss for improper venue pursuant to 12(b)(3), "[b]ecause it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  <u>Freeman v. Fallin</u>, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).  The Court accepts "plaintiff's *well-pled* factual allegations regarding venue as true, draws all reasonable inferences from those allegations in plaintiff's favor, and resolves any factual disputes in plaintiff's favor.  The Court, however, need not accept plaintiff's

legal conclusions as true." El v. Belden, 360 F. Supp. 2d 90, 92 (D.D.C. 2004) (emphasis added) (citations omitted).

Plaintiff bears the burden of establishing personal jurisdiction over defendants. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 332 F. Supp. 2d 63, 66 (D.D.C. 2004). To meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. Id. When considering personal jurisdiction in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the Court need not treat all of plaintiff's allegations as true. Instead, the Court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000).

Where a plaintiff lacks standing to bring a claim, the court will dismiss pursuant to 12(b)(1). See Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987) ("The defect of standing is a defect in subject matter jurisdiction."). The Court will grant a motion to dismiss for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The Court must accept all of the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.1994); Konarski v. Brown, 293 F. Supp.2d 70, 72 (D.D.C. 2003). If the Court relies on matters beyond the pleadings, it should treat the motion as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b)(6).

A motion for summary judgment under Rule 56(c) will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. <u>Bayer v. United States Dep't of Treasury</u>, 956 F.2d 330, 333 (D.C. Cir. 1992). However, the non-moving party cannot rely on "mere allegations or denials . . . but . . . must set forth specific facts showing that there [are] genuine issue[s] for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (citation omitted). Under Rule 56, "if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial" summary judgment is warranted. <u>Hazward v. Runyon</u>, 14 F. Supp.2d 120, 122 (D.D.C. 1998) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

## III.    <u>ARGUMENT</u>

**A.    The Court Should Dismiss All Claims Against Defendants in Their Individual Capacities for Improper Service, Improper Venue, Lack of Personal Jurisdiction Over Defendants, and Because Respondeat Superior Does Not Provide a Basis For <u>Bivens</u> Liability.**

**1.    Plaintiff Failed to Effect Personal Service Upon the Defendants.**

The Court should dismiss the Complaint against defendants in their personal capacity for insufficiency of service of process. Fed. R. Civ. P. 4 provides in pertinent part that service upon individuals may be effected:

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

<u>See</u> <u>also</u> Fed. R. Civ. P. 4(i)(2)(B). Although returns of service were filed with the Court for the three defendants, there is absolutely no indication that these three defendants were served in their

*individual* capacity.  <u>See</u> Process Receipts and Returns for defendants, attached hereto as Exhibit 2.  None of the defendants were served personally.  Instead, service was made to each defendant's business addresses, rather than to his "dwelling house or usual place of abode."  Finally, there is no indication that the individuals who signed the service forms were "authorized by appointment or by law to receive service of process" for the defendants in their individual capacity.

**2.      Venue Does Not Lie in this District for Plaintiff's <u>Bivens</u> Claims.**

Plaintiff's claims against the defendants brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  28 U.S.C. § 1391(e), the applicable venue provision for suits against federal officials in their *official* capacities, is inapplicable to suits against such officials in their *individual* capacities; rather, venue in such suits is governed by 28 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Because all of the defendants do not reside in the District of Columbia, venue cannot lie in this district under § 1391(b)(1).[1]  Further, because a substantial part of the

---

[1] Plaintiff claims that "each of the defendants resides in the District of Columbia." Complaint ¶ 5.  It is undisputed, however, that Plaintiff attempted to effect personal service on the defendants at their places of business in the District of Columbia, rather than at their "dwelling house or usual place of abode."  <u>See</u> Exhibit 2.  Plaintiff has

alleged events or omissions giving rise to the Plaintiff's claims did not take place in the District of Columbia, but rather Beaumont, Texas, venue cannot lie in this district under § 1391(b)(2).[2]

### 3. The Court Lacks Personal Jurisdiction Over the Individual Defendants.

Even if plaintiff had effected proper service on the defendants and venue were proper in this district, the Court should dismiss plaintiff's claims against the individual defendants for lack of personal jurisdiction. Because Bivens suits are brought against government officials in their individual, rather than official capacities, personal jurisdiction over the individual defendants is required to maintain a Bivens claim. See Robertson v. Merola, 895 F. Supp. 1, 3 (D.D.C. 1995); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996). In the instant case, the Court lacks the requisite personal jurisdiction over the three named defendants.

In order for the United States District Court for the District of Columbia to have personal jurisdiction over a nonresident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the constitutional requirements of due process. See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000); United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762

therefore failed to provide well-pled allegations that all of the defendants reside in the District of Columbia, and has failed to meet his burden of establishing proper venue. See Freeman, 254 F. Supp.2d at 56.

[2] Under 28 U.S.C. § 1406(a), if venue is improper, the Court may, in the interest of justice, transfer a case to a district where it could have been properly brought. The decision whether to dismiss or transfer is committed to the sound discretion of the Court. See Davis v. Am. Soc'y of Civil Eng'rs, 290 F. Supp.2d 116, 120 (D.D.C. 2003) (citation omitted). In the instant case, dismissal better serves the interests of justice given that plaintiff lacks standing to bring this suit and has failed to state a claim upon which relief may be granted, and the individual defendants are, in any event, entitled to qualified immunity. See supra Argument, Parts B-C.

(D.C. Cir. 1987).  The District of Columbia's long-arm statute, D.C. Code section 13-423,

provides in relevant part:

>   (a) A District of Columbia court may exercise personal jurisdiction over a person,
>   who acts directly or by an agent, as to a claim for relief arising from the person's–
>
>   >   (1) transacting any business in the District of Columbia;
>   >
>   >   (2) contracting to supply services in the District of Columbia;
>   >
>   >   (3) causing tortious injury in the District of Columbia by an act or omission in the
>   >   District of Columbia;
>   >
>   >   (4) causing tortious injury in the District of Columbia by an act or omission
>   >   outside the District of Columbia if he regularly does or solicits business,
>   >   engages in any other persistent course of conduct, or derives substantial
>   >   revenue from goods used or consumed, or services rendered, in the District of
>   >   Columbia;
>   >
>   >   (5) having an interest in, using, or possessing real property in the District
>   >   of Columbia;
>   >
>   >   (6) contracting to insure or act as surety . . .; or
>   >
>   >   (7) marital or parent and child relationship . . .
>
>   (b) When jurisdiction over a person is based solely upon this section, only a
>   claim for relief arising from acts enumerated in this section may be asserted
>   against him.
>
>   D.C. Code § 13-423.

A persistent course of conduct may constitute the transaction of business for the assertion

of personal jurisdiction only if the persistent conduct is undertaken in that person's individual

capacity rather than in an official capacity conducting business for his or her employer.  See

Richard v. Bell Atlantic Corp., 976 F. Supp. 40, 49-51 (D.D.C. 1997); Pollack v. Meese, 737 F.

Supp. 663, 666 (D.D.C. 1990).  In Pollack, this Court found that it lacked personal jurisdiction

over the BOP Director and Attorney General who resided in Virginia and worked as employees

of the Department of Justice in the District of Columbia because these defendants did not

transact their individual business in the District of Columbia or maintain their individual places of business in the District of Columbia. See Pollack, 737 F. Supp. at 665-66.

If the terms of the long-arm statute are satisfied, a plaintiff must then show that the exercise of personal jurisdiction is within the bounds of the Due Process Clause. See GTE New Media Servs. Inc., 199 F.3d at 1347. Meaning, a plaintiff must show "minimum contacts" between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. See id.; Wiggins v. Equifax Inc., 853 F. Supp. 500, 502 (D.D.C. 1994). Under the "minimum contacts" standard, courts must find that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." GTE New Media Servs. Inc., 199 F.3d at 1347 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). Plaintiff bears the burden of pleading the facts necessary to substantiate personal jurisdiction in this Court. See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C. 1994).

In order to exercise personal jurisdiction over a federal official in an individual capacity, a court must find minimum contacts other than those arising from federal employment or supervisory roles. See Claasen v. Brown, 1996 WL 79490, *2 (D.D.C. Feb. 16, 1996); see also Dickson v. United States, 831 F. Supp. 893, 897 (D.D.C. 1993) (concluding that plaintiff failed to allege minimum contacts where he listed District of Columbia mailing addresses at the CIA for the defendants, but presented no factual connection between the defendants' activities as individuals and the District); Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp.2d 1104, 1111 (C.D. Cal. 1999) (explaining that acts performed by corporate officers and directors in their official capacities are acts of the corporation exclusively and cannot reasonably be attributed to them as individual acts creating personal jurisdiction).

In the instant case, plaintiff fails to meet his burden of establishing proper *in personam* jurisdiction in the United States District Court for the District of Columbia under section 13-423. The three individual defendants live outside the District of Columbia.  Although U.S. Attorney General Gonzales, BOP Director Lappin, and BOP Inmate Appeals Administrator Watts, work in the District of Columbia as employees of the Department of Justice, they do so only in their official capacities conducting business for their employer.  They do not transact their own individual business in the District of Columbia or maintain their individual places of business in the District of Columbia.  Furthermore, plaintiff alleges no facts in his complaint to establish that defendants caused and that he suffered any injury in the District of Columbia.  Indeed, the alleged injury of which plaintiff complains occurred in Beaumont, Texas.  See generally Complaint.  Therefore, the Court lacks personal jurisdiction over the individual defendants under the District's long-arm statute.

Furthermore, plaintiff has failed to allege facts showing that the exercise of personal jurisdiction over the defendants in this case would satisfy due process requirements.  In fact, plaintiff does not establish any connection between the defendants as individuals and the District of Columbia in his complaint.  Defendants Gonzales, Lappin and Watts' contact with the District of Columbia through their federal employment with the DOJ is insufficient to establish minimum contacts with the District of Columbia.  Consequently, the Court should dismiss all claims against the individual defendants for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

**4.    Plaintiff's <u>Bivens</u> Claims Must be Dismissed Because Respondeat Superior May Not Form the Basis of a <u>Bivens</u> Suit.**

Respondeat superior has been consistently rejected as a basis for the imposition of <u>Bivens</u> liability.  <u>Boykin v. District of Columbia</u>, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); <u>Tarpley v. Greene</u>, 684 F.2d 1, 9-11 (D.C. Cir. 1982).  <u>See</u> <u>also</u> <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 735 (1989) ("the Courts of Appeals have unanimously rejected the contention . . . that the doctrine of respondeat superior is available against a municipal entity under a <u>Bivens</u>-type action").    Absent any allegations that defendants Gonzales, Lappin, and Watts personally participated in the events which gave rise to plaintiff's claims, or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in the alleged interference with plaintiff's access to the courts by their subordinates, dismissal in their favor is appropriate.  <u>See</u> <u>Smith-Bey v. District of Columbia</u>, 546 F. Supp. 813, 814 (D.D.C. 1982).  Plaintiff has made no allegation of personal participation by defendants Gonzales, Lappin, and Watts in his alleged denial of access to courts.  <u>See</u> <u>generally</u> Complaint.  As such, plaintiff's <u>Bivens</u> claims against these defendants, whose only relationship to the instant litigation is their ultimate supervisory status, must be dismissed.

### B.    The Court Should Dismiss Plaintiff's Complaint Against Defendants as Plaintiff Lacks Standing and has Failed to State a Constitutional Claim.

A party invoking the jurisdiction of a federal court must first satisfy Article III's requirements of constitutional standing.  <u>See</u> <u>City of Waukesha v. E.P.A.</u>, 320 F.3d 228, 233 (D.C. Cir. 2003); <u>Sierra Club v. E.P.A.</u>, 292 F.3d 895, 898 (D.C. Cir. 2002); <u>Interstate Natural Gas Ass'n of America v. F.E.R.C.</u>, 285 F.3d 18, 45 (D.C. Cir. 2002).  Although plaintiff purports to bring a claim respecting the denial of access to courts, plaintiff has failed to establish this initial step – plaintiff has alleged no actual injury stemming from the alleged constitutional violation, and therefore lacks standing to bring suit.

Although firmly established that prisoners have a constitutional right of access to the courts, Bounds v. Smith, 430 U.S. 817, 822 (1977), this right is not absolute or freestanding. See Lewis v. Casey, 518 U.S. 343, 356 (1996).  An inmate cannot bring suit merely because he believes the prison library is inadequate in some manner.  Id.  Instead, to maintain a right to access suit, an inmate must demonstrate that the alleged shortcomings in the library or legal assistance program cause the inmate to suffer some actual injury.  Id.  "Even in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a 'nonfrivolous,' 'arguable,' underlying claim."  Christopher v. Harbury, 536 U.S. 403 (2002). Furthermore, the claim the inmate seeks to pursue must relate in some manner to the fact or nature of the inmate's confinement.  See Thaddeus-X v. Blatter, 175 F.3d 378, 390 (6th Cir. 1990)  ("A prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only.").  "Impairment of any other litigating capacity is simply one of incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis, 518 U.S. at 355.

Thus, an inmate must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a nonfrivolous legal claim.  Id. at 351.  For example, he could show that a complaint he prepared was dismissed for failure to satisfy some technical requirement that he could not have known because of deficiencies in the prison's legal assistance facilities.   See id.  Or he could demonstrate that he had suffered actionable harm that he wished to bring before the courts, but that the inadequacies of the law library prevented him from even filing a complaint. See id.; see also Christopher, 536 U.S. at 415 (explaining that in a denial of access to the courts claim, a plaintiff must identify and describe a "nonfrivolous," "arguable" underlaying claim).  Proof that inmates do not have access to legal materials from the jurisdiction of their conviction may support a finding of lack of meaningful access to the courts.

See Sills v. Bureau of Prisons, 761 F.2d 792, 796 (D.C. Cir. 1985) (holding inmate had stated a claim where he was convicted under military law and allegedly did not have access to military legal research materials). However, courts have generally found that prison libraries containing federal reporters, United States Codes, and relevant state reporters and statutes are adequate. See, e.g., Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (finding that prison need not provide inmates with the best possible library and a library that lacked various titles of the United States Codes nevertheless met the constitutional standard); Tyler v. Black, 811 F.2d 424, 429-30 (8th Cir. 1987) (noting that prison library was adequate given the nearly complete set of federal and regional reports, state statutes, rules, and digests), reh'g on other grounds, 865 F.2d 181 (8th Cir. 1989).

In the case at bar, the Court must therefore determine whether plaintiff has a non-frivolous claim that relates directly to the fact or nature of his confinement which he is unable to present to the courts because of the allegedly inadequate prison library. Plaintiff has failed to articulate such a claim. Instead, plaintiff makes only a general assertion that the FCI Beaumont law library does not contain certain international law materials that he needs to file a habeas petition. Complaint ¶ 18. Plaintiff has failed to allege that the absence of these materials from the law library has prejudiced any pending or contemplated nonfrivolous legal claim by causing him to miss court dates, denying him legal assistance to which plaintiff was entitled, or causing him to lose a case which could have been won.

Moreover, plaintiff has failed to allege why the absence of the requested international materials has prohibited him from preparing and filing his contemplated habeas petition, even assuming it is nonfrivolous, when he had access at FCI Beaumont and has access at his current institution in McRae to all the federal statutes contained in the United States Code Annotated (including the ones he was convicted under in the Southern District of Florida), all the federal

13

reporters, federal criminal procedure, and many other relevant legal materials.  See Inmate Legal

Activities, Bureau of Prisons Program Statement 1315.07 (listing the main law library materials

offered at BOP institutions, including FCI Beaumont), attached hereto as Exhibit 3; CCA McRae

Law Library Inventory Listing (showing materials offered at McRae Correctional Facility, the

BOP contract facility where plaintiff is currently incarcerated), attached hereto as Exhibit 4.

Without an allegation of actual injury, plaintiff lacks standing to bring this suit and has failed to

state a viable access to courts claim. Consequently, the Court should dismiss plaintiff's

Complaint under 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state

a claim.

### C.    Defendants are Entitled to Qualified Immunity.

As discussed above, the Court should dismiss the claims against defendants in their

individual capacity for improper service, improper venue, lack of personal jurisdiction, lack of

subject matter jurisdiction, and failure to state a claim upon which relief may be granted.  See

supra Argument, Parts A-B.  Notwithstanding these grounds for dismissal, the individual

defendants sued in their personal capacity are, in any event, entitled to qualified immunity.

Federal officials enjoy qualified immunity from constitutional and statutory claims.

Cleavinger v. Saxner, 474 U.S. 193, 206 (1985).  As the Supreme court made clear in Harlow v.

Fitzgerald, 457 U.S. 800 (1982), officials are shielded from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.  Id. at 818.  The Supreme Court further encourages early

dismissal of actions when the claims stated within are insubstantial.  See Butz v. Economou, 438

U.S. 478, 507-08 (1978) ("unless the complaint states a compensable claim for relief under the

Federal Constitution it should not survive a motion to dismiss.").

Plaintiff has failed to identify a clearly established right allegedly violated by defendants, and they are therefore entitled to qualified immunity. While Plaintiff alleges that he was denied his right of meaningful access to the courts, he has failed to articulate any specific harm suffered as a result of defendants not providing the identified international law materials or allegedly denying him access thereto. This showing of detriment is a necessary predicate to a colorable meaningful access claim. See Lewis, 518 U.S. at 343. Moreover, at all times alleged in the complaint, the "basic library" that Plaintiff had access to meets the constitutional standard of providing meaningful access to the courts. See Campbell v. Miller, 787 F.2d 217 (7th Cir. 1986) (upholding basic law library with request system); see also Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990); DeMallory v. Cullen, 855 F.2d 442, 447 (7th Cir. 1988). Accordingly, defendants are entitled to qualified immunity from Plaintiff's claims.

### D.    Plaintiff is not Entitled to Money Damages

Even if plaintiff had standing to institute his suit against defendants and had established a constitutional claim, he is not entitled to money damages. Although plaintiff does not name the United States as a defendant, by suing defendants in their official capacities, he is in effect suing the United States. See Kentucky v. Graham, 473 U.S. 159, 165 (1985); Dugan v. Rank, 372 U.S. 609, 620 (1963). To bring suit against the United States, plaintiff must demonstrate that the United States has waived its sovereign immunity, creating a basis for the Government's consent to suit. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("'[t]he United States, as a sovereign is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."'), Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 414 (1994). The United States has not waived its sovereign immunity with regard to claims for the recovery of money damages for constitutional torts. See Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 104-05 n. 9 (2d Cir.

1981).  Therefore constitutional claims against the United States for money damages are

"routinely dismissed for lack of subject matter jurisdiction."  Keen Corp. v. United States, 700

F.2d 836, 845 n. 13 (2d Cir.), cert. denied, 464 U.S. 864 (1983).  In the instant case, there has

been no waiver of sovereign immunity on the part of the government, and because plaintiff

requests money damages for a constitutional tort, the Court should dismiss this claim for lack of

subject matter jurisdiction.

> **E.    Even Assuming Plaintiff Had Standing, Class Certification is
> Inappropriate.**

Even if the Court were to determine that plaintiff had established standing to bring his

suit, class certification in this case is not appropriate.  As an initial matter, a prisoner proceeding

*pro se* is inadequate to represent the interests of his fellow inmates in a class action.  Caputo v.

Fauver, 800 F. Supp. 168, 169-70 (D. N.J. 1992).  See also Fymbo v. State Farm, 213 F.3d 1320,

1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

Moreover, Federal Rule of Civil Procedure 23(a) requires the party requesting

certification to establish each of the following:

> (1) that the members of the proposed class are so numerous that
> joinder of the individual claims would be impracticable; (2) that there
> is commonality among issues of law or fact raised by the class
> members; (3) that the claims of the proposed class representatives are
> typical of the claims of the class members; and (4) that the proposed
> class representatives will adequately represent the interests of the
> class.

Fed. R. Civ. P. 23(a).[3]  Leaving aside the first three requirements, given that plaintiff in this case

has suffered no actual injury, see infra Argument, Part B, he consequently lacks standing to

---

[3]  In order for the action to be maintained as a class action, once the four requirements of
Rule 23(a) have been met, a court must determine whether one or more of the
requirements of Rule 23(b) has been satisfied.  Plaintiff's proposed class fails at the first
step.

bring suit.  As such, he cannot "adequately represent the interests" of any potential class.

Plaintiff's motion for class certification should therefore be denied.

**IV.    <u>CONCLUSION</u>**

Based upon the foregoing, defendants respectfully requests that the Court enter judgment

in favor of defendants and dismiss plaintiff's Complaint with prejudice.

Dated: June 5, 2006                          Respectfully submitted,

                                             /s/ _____
                                             KENNETH L. WAINSTEIN
                                             D.C. Bar # 451058
                                             United States Attorney
                                             /s/ _____
                                             RUDOLPH CONTRERAS
                                             D.C. Bar # 434122
                                             Assistant United States Attorney
                                             /s/ _____
                                             HEATHER R. PHILLIPS
                                             C.A. Bar # 19620
                                             Assistant United States Attorney
                                             Civil Division
                                             555 4th Street, N.W., Rm E4212
                                             Washington, DC 20530
                                             (202) 514-7139

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| MAXIMO IBARRA, on behalf of<br>himself and all others similarly<br>situated,<br><br>      Plaintiff,<br><br>      v.<br><br>ALBERTO GONZALES, individually,<br>and as Attorney General of the<br>United States,<br><br>HARLEY LAPPIN, individually,<br>and as Director of the Bureau of<br>Prisons,<br><br>HARRELL WATTS, individually,<br>and as Inmate Appeal Administrator of<br>the Bureau of Prisons,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. 05-1520 (JR) |

_____

**ORDER**

Upon consideration of defendant's Motion to Dismiss or in the alternative for Summary

Judgment, the Opposition thereto, and the entire record herein, it is this ____ day of

_____, hereby

ORDERED that the defendant's motion is hereby GRANTED and this case is hereby

DISMISSED.



                                        _____

                                        UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE


I certify that on June 5, 2006, a copy of the foregoing motion, as well as a supporting memorandum, a statement of material facts, and supporting exhibits were served by regular United States mail, postage pre-paid, upon Maximo Ibarra,


_/s/_____

Heather R. Phillips